Gildersleeve, J.
This is a motion to vacate an order, granted ■ex parte, requiring plaintiff to file security for costs, ..The order was granted upon an affidavit of defendant’s attorney that the plaintiff at the commencement of the action was, and still is, a non-resident of this state. The defendant’s counsel contends: (1) That it was improper for the court to grant the order ex parte, and (2) that the affidavit upon which it was granted is insufficient. With the first contention I cannot agree. While it has been held that an order, made without notice, to compel a plaintiff, .suing as an -executor, to give security for costs, under § 3271 of the Code, is irregular, see Swift v. Wheeler, 46 Hun, 581; 12 St. Rep. 737, I am not aware of any authority which applies the same doctrine to an order, granted ex parte, requiring a nonresident plaintiff to file security for costs. It is true that the •supreme court, in the case of Churchman v. Merritt, 19 St. Rep. 172, rather inclines to the belief that it would be the better practice to give notice, but the opinion in that case practically states that, “ as the law is enacted, an absolute order in the first instance is not authorized.” It is the generally accepted doctrine that an order requiring security for costs in an action, where the plaintiff was, at the time of the commencement thereof, a non *162 resident of this state, may be granted by the court on an ex parte application of the defendant, upon due pro if being given of the necessary facts entitling the defendant to the same. In such a case the plaintiff is not entitled to notice. See Wood v. Blodgett, 15 Civ. Pro. Rep. 114; 17 St. Rep. 295. With regard to the second contention of plaintiff’s counsel, i. e., that the affidavit is not sufficient, it may not be improper, perhaps, in the first place, to note the fact that the plaintiff is a well-known pugilist cf generally conceded English nationality and citizenship. But aside from this fact, the affidavit states that defendant’s attorney has been informed by several people, and especially by Colonel William E. Harding, the sporting editor of the Police Gazette, and a personal friend and acquaintance of the plaintiff, that ¡said plaintiff is, and at the commencement of the action was, a nonresident of this state and. a resident of England, and that defendant’s -attorney is unable to procure an affidavit to this effect from' Colonel Harding for the reason that Colonel Harding, as a friend and personal acquaintance of the plaintiff, refuses to make any affidavit as to the non-residence of plaintiff. This affidavit certainly makes out a prima facie case of the non-residence of plaintiff, and, on this motion to review the order, the plaintiff hands up no affidavits tending to show that plaintiff is not a nonresident, or was not at the time of the commencement of the action. The defendant was not guilty of any laches in making his application for the order that would warrant its being set aside. I aha of the opinion that the motion to vacate the order must be denied, but with leave to plaintiff to renew the same, if he sees fit, upon affidavits showing that the claim of non-residence is not, in fact, well founded. No costs.
Ordered accordingly.